UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

\_\_\_ FILED \_\_\_ ENTERED
\_\_\_ LOGGED \_\_\_ RECEIVED

MAR 2 1 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

ELIZABETH MCMILLAN-MCCARTNEY,

Plaintiff,

v.  Civil Action No. 1:18-cv-03331

CALDWELL MCMILLAN, JR.,

Defendant.

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES THIS DAY, Mr. Caldwell McMillan, Jr., this Court's Defendant in the above-styled case, proceeding *pro se*, who hereby files a timely *Motion to Dismiss* pursuant Rule 12, Fed.R.Civ.P., premised on colorable, good-faith arguments, that are not frivolous or brought for any improper purpose on the grounds that the Plaintiff is estopped from prosecuting this action due to the applicable statutes of limitations, and for failing to state a claim upon which relief can be granted, along with the *Doctrines of Collateral Estopple and Res Judicata*, and for lack of subject matter jurisdiction.

In Support hereof, I respectfully represent as follows:

### INTRODUCTION

This is a lawsuit filed against me by my sister, seeking injunctive and monetary relief based on an alleged agreement the Plaintiff falsely and frivolously claims we entered "in or around 1990." *Complaint* at 3. I hereby deny and dispute the material allegation of the Plaintiff that I entered into any verbal agreement with the Plaintiff withstanding "any work she performed either

1

on behalf of Sylmac, Inc., or to aid the Defendant in the administration of their father's Estate and to reimburse her for expenses." *Id.* In addition, whether there existed any such agreement is irrelevant because the Plaintiff's claims of breach of contract are barred by the applicable statute of limitation, to-wit: Md. COMMERCIAL LAW Code Ann. § 22-701 provides a three-year statute of limitations for breach of contract claims. The Plaintiff is 20+ years too late.

## THIS COURT DOES NOT HAVE DIVERSTIY JURISIDCTION BECAUSE ALL PARTIES TO THIS ACTION ARE ALL RESIDENTS OF THE STATE OF MARYLAND

"The term "jurisdiction" means "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for Better Environment*, 523 U. S. 83, 89 (1998). Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived, and can be raised in any court, at any time. See *US v. Cotton*, 535 US 625, 630 (2002).

"'No judgment of a court is due process of law, if rendered without jurisdiction in the court, or without notice to the party.' *Scott v. McNeal*, 154 U. S. 34, 46 (1893).

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are nullities; they are not voidable, but simply *void*, and form no bar to a recovery sought, even prior to a reversal, in opposition to them; they constitute no justification, and all persons concerned in executing such judgments, or sentences, are considered in law as trespassers." *Williamson v. Berry*, 49 US 495, 540-41 (1850). (emphasis added).

If a plaintiff sues in federal court, the plaintiff must include in the complaint "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1).

A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a).

2

"[T]he essential elements of diversity of citizenship jurisdiction must be alleged in any pleading asserting a claim for relief, and that proposition is now prescribed in Federal Rule of Civil Procedure 8(a)(1) and enforced by the courts." 13E Wright & Miller § 3602.1, pp. 77–79 (citations omitted).

"It is also well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint." *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73 (2d Cir. 2005) (citations omitted).

Indeed, the first thing a federal judge is required to do when a complaint is filed is to review the court's jurisdiction and to raise the issue of the propriety of federal jurisdiction *sua sponte*. See, e.g., *Rickets v Midwest Nat'l Bank*, 874 F.2d 1177, 1182 (7th Cir. 1989). In order to invoke "diversity jurisdiction" for suits between citizens of different states, the parties must demonstrate that there is "complete diversity" of plaintiffs and defendants – meaning that every plaintiff must be a citizen of a different state from every defendant.

The purpose of the ultimate interest's test is "to ensure that there is an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." 13E Wright & Miller § 3607, p. 313 (internal quotation omitted).

Plaintiff is a legal resident of the State of Maryland. Plaintiff owns residential real estate in the State of Maryland. Plaintiff pay taxes to Anne Arundel County, Maryland, and the State of Maryland for her property.

Accepting Plaintiff's well plead allegations as true on their face, because Plaintiff alleges that the Defendant and Plaintiff are clearly citizens of the State of Maryland, this Court must dismiss the *Complaint* filed by the Plaintiff in this case for want subject matter jurisdiction.

## PLAINTIFF'S LACK OF STANDING DEPRIVES THIS COURT OF SUBJECT MATTER JURISDICTON

"The term "jurisdiction" means [] "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for Better Environment*, 523 U. S. 83, 89 (1998) Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived, and can be raised in any court, at any time. See *US v. Cotton*, 535 US 625, 630 (2002).

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are nullities; they are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal, in opposition to them; they constitute no justification, and all persons concerned in executing such judgments, or sentences, are considered in law as trespassers. This distinction runs through all the cases on the subject." *Berry*, 49 U.S. at 541.

Because Constitutional-Standing is a mandate of the "case or controversy" requirement in Article III, and prudential considerations of standing, which involve "judicially self-imposed limits on the exercise of federal jurisdiction ...." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984), It is clear that Constitutional-Standing is a jurisdictional prerequisite to suit. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

Because prudential considerations of standing are also generally treated as jurisdictional in nature, *Thompson v. County of Franklin*, 15 F.3d 245, 248 (2d Cir.1994), Article III of the Constitution permits federal courts to adjudicate only actual cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). This means litigants must suffer, or be

threatened with, an actual injury traceable to the defendant's actions, and that the federal court must be able to grant effectual relief. See *Id.* This case-or-controversy requirement must be satisfied at every stage of judicial proceedings. *Id.* see also *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) (*per curiam*)

When a lawsuit no longer presents a live controversy, the court loses subject matter jurisdiction and can proceed no further:

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. *Steel Co.*, 523 U.S. at 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Any private plaintiff in federal or state court bears the burden of demonstrating the "irreducible constitutional minimum of standing" under Article III of the U.S. Constitution—(1) an injury in fact; (2) caused by the defendant's conduct; (3) that is redressable by a favorable court decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The injury must be "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks omitted).

The elements of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. Accordingly, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," but "[i]n response to a summary judgment motion . . . the plaintiff . . . must set forth affidavit or other evidence specific facts," and, ultimately, controverted facts "must be supported adequately by the evidence adduced at trial." *Id.* (citations and internal quotation marks omitted).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

The Constitution limits the judicial power of the federal courts to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. A case or controversy exists only when the party soliciting federal court jurisdiction (normally, the plaintiff) demonstrates "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends." *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The standing inquiry is claim-specific: a plaintiff must have standing to bring each and every claim that she asserts. *Pagán v. Calderón*, 448 F.3d 16, 26 (1st Cir.2006).

To satisfy the personal stake requirement, a plaintiff must establish each part of a familiar triad: injury, causation, and redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561, 112 S.Ct. 2130; *see Bennett v. Spear*, 520 U.S. 154, 167-68, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997).

Maryland Contract Law is located in Title 2 Sales Md. Commercial Law Code Ann. § 2-206 (2012): § 2-206. In the Plaintiff's *Complaint*, she makes only bare-bone, conclusory allegation that the parties hereto "agreed to [] be responsible for an equal share of Sylmac, Inc's debt..." *Id.* at 5. However, reviewing the *Complaint* in the light most favorable to the Plaintiff and accepting her allegations as true, no facts are asserted, plausible on their face, that there was an offer, acceptance, consideration or mutual assent to any terms of these purported contracts between the parties. I hereby deny that any verbal offer was made to me by the Plaintiff relevant to the allegations in the *Complaint*. I did not accept any verbal offer made by the Plaintiff as alleged in the *Complaint*. I have never received any consideration whatsoever from the Plaintiff's alleged "agreement" claimed in the *Complaint*.

Because there are no facts that can establish the existence of a valid or enforcable contract between the parties, then, there can be no breach of contract and Plaintiff's claims must be

dismissed for failure to state a claim upon which relief can be granted for lack of standing which deprives the Court Subject Matter Jurisdiction.

### PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTES OF LIMITATIONS

This Court should hold that Plaintiff's complaint is baseless because, on its face, the complaint demonstrates that it was not timely filed, as it was not filed within three years after the claims accrued. *See Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir.1983) (affirming district court's dismissal under § 1915(d) of actions which appeared on their face to be barred by statute of limitations.

Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See United States v. Kubrick*, 444 U.S. 111, 122-24, 100 S.Ct. 352, 359-60, 62 L.Ed.2d 259 (1979).

### PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF COLLATTERAL ESTOPPLE AND RES JUDICATA

Collateral estoppel is the principle that a party cannot relitigate particular factual or legal issues which were litigated and decided in a prior suit involving that party, regardless of whether the cause of action was the same. *Kremer v. Chemical Construction Corp.*, 456 U.S 461, 466 n.6, 102 S. Ct. 1883 (1982); *Latino Officers Ass'n v. City of New York*. 253 F. Supp. 2d 771, 782 (S.D.N.Y. 2003); *Washington v. Chrans*, 769 F. Supp. 1045, 1049 (C.D.Ill. 1991).

Res judicata (Latin for "thing decided") generally means that a person cannot bring a lawsuit if there has already been a judgment on the merits of the same cause of action by a court of competent jurisdiction in a prior suit involving the same parties or their privies. See *St. Paul Fire and Marine Ins. Co. v. Compaq Computer Corp.*, 457 F.3d 766, 770 (8th Cir. 2006); *Jones v. S.E.C.*, 115F.3d 1173, 1178 (4th Cir. 1997); *Fox v. Maulding*, 112 F.3d 453, 456 (10th Cir. 997).

This is true even if the first lawsuit was decided in your favor. *Murphy v. Jones*, 877 F.2d 682, 686 (8th Cir. 1989) (after settlement, cannot bring a second claim arising from the same transaction or series of transactions); *Hunnicutt v. Armstrong*, 305 F. Supp. 2d 175 (D. Conn. 2004), aff'd in part, vacated in part, and remanded on other grounds, 152 Fed. Appx. 34 (2d Cir. 2005) (unpublished).

Defendant points to Paragraphs 53-55;61-64 of the Complaint, and states that the same facts relied upon here, have been fully adjudicated, between the same parties, or their privies, upon the same causes of action in the Orphans' Court for Anne Arundel County, Maryland, which is a court of competent jurisdiction. **Plaintiff petitioned the court and a decision was rendered.** Therefore, the Plaintiff's claims asserted herein are barred by the doctrine of *res judicata* and *collateral estopple*, jointly and severally. Because these same matters have been decided and any that were not presented there, could have been litigated in the Orphans' Court, there exists an absolute bar the Plaintiff's recovery under the facts relied upon in the *Complaint* before this Most Honorable Court. See *Sterling v. Local 438*, 207 Md. 132, 140-41, 113 A.2d 389, *cert. denied*, 350 U.S. 875 (1955).

Because Plaintiff admits that she has a home, to-wit: the Home Stead Property at issue in this case, and is domiciled in Maryland, this Court must hold her claims relied upon Diversity Jurisdiction to be unfounded and dismiss the same on this basis alone. Because both parties to this suit, evidenced by the Plaintiff's own admissions set forth in her *Complaint*, are citizens of the State of Maryland, there exist no facts sufficient to enable this Court to maintain jurisdiction of this case, and must dismiss the same for lack of Subject Matter Jurisdiction.

## **PLANITFF'S SALE IN LIEU OF PARTITION CLAIM IS FRIVOLOUS**

Maryland Law provides that when the relief sought is a sale in lieu of partition, "the court shall order a sale only if it determines that the property cannot be divided without loss or injury to the parties interested." MD R PROP ACT Rule 12-401. The term Shall does not allow discretion. Plaintiff has presented no evidence whatsoever that the Home Stead Property cannot be divided without loss or injuries to either party. The Parties here, after jointly petitioning the County to divide the property, were granted a density-variance to sub-divide the property whereby Plaintiff can get the half she desires, and I can remain in my home, the Court cannot find that the property cannot be divided without loss of injury to the parties in this case. The Plaintiff has actively participated in the sub-division process and the lot will be marketable by early summer. Then, this Court must dismiss Plaintiff's Sale in Lieu of Partition claims according to the statute. *Id.*

Plaintiff has alleged no facts sufficient that can rationally be held to provide me with reasonable notice as to the dates and or years that this alleged "renting of the apartment" occurred for which she claims that she has not been compensated, and therefore I am not reasonably able to prepare a defense to this allegation. Plaintiff must allege some date and year to enable me to determine when she claims the profits at issue were generated. I assert that these claims are void for vagueness on their face, and are equally barred by the applicable statutes of limitations along with the doctrines of both *res judicata* as well as *collateral estoppel.*

## CONCLUSION

The causes of action relied upon the Plaintiff all surround facts that allegedly took place in the 1990s, or for which a material condition-precedent has not yet taken place, caused by her. Plaintiff does not bring this suit with clean hands, and her claims are all barred by the applicable statutes of limitations or are barred by the doctrines of *collateral estopple* of *res judicata*. Consequently, the Plaintiff lacks standing to prosecute these claims in this court, which, pursuant Art. 3 of the National Constitution, deprives this Court of Subject Matter Jurisdiction, and for these reasons asserted herein, I ask this Court to enter an Order granting my Motion to Dismiss pursuant Fed.R.Civ.P 12, on the grounds asserted and raised herein, or ask that this Court will allow and provide an oral hearing on the same prior to any adverse ruling to avoid the miscarriage of justice that will otherwise result.

Respectfully Submitted,

Mr. Caldwell McMillan, Jr.
1886 Crownsville Road
Annapolis, MD 21401
(410) 570-7847
donshajid@gmail.com

**CERTIFICATE OF SERVICE**

I, the undersigned hereby certify that on that 20th day of March, 2019, that a true a copy of foregoing instrument was placed in the United States Mail, with Postage Pre-Paid, addressed to the Clerk of this Court and:

>Andrew G. Balashov, Esq.
>Suvita Chiman Melehy, Esq.
>Melehy And Associates LLC
>8403 Colesville Rd #610
>Silver Spring, MD 20910

>*/s/ Caldwell McMillan, Jr.*
>Mr. Caldwell McMillan, Jr.
>1886 Crownsville Road
>Annapolis, MD 21401
>(410) 570-7847
>donshajid@gmail.com