UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 22, 2019

LETTER TO COUNSEL

RE: *Elizabeth McMillan-McCartney v. Caldwell McMillan, Jr.*;
Civil No. SAG-18-3331

Dear Counsel and Mr. McMillan:

Pending is a motion for reconsideration of this Court's decision to grant in part and deny in part *pro se* Defendant Caldwell McMillan, Jr.'s ("Defendant") motion to dismiss Plaintiff Elizabeth McMillan-McCartney's ("Plaintiff") Complaint. ECF 27. In her Complaint, Plaintiff alleged eleven counts regarding a residential property owned by Plaintiff and Defendant as tenants in common. ECF 1. The Court granted in part and denied in part Defendant's motion, dismissing Counts II and III for an accounting and sharing of profits under Maryland's Code and common law, because those claims were barred by the statute of limitations. *See* ECF 25, 26. The remaining claims are sale in lieu of partition (Count I), contribution (Count IV), equitable lien (Count V), waste (Count VI), breach of written contract (Count VII), breach of oral contract (Count VIII), unjust enrichment (Count IX), quantum meruit (Count X), and ouster (Count XI). *Id.* The issues have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, Defendant's motion for reconsideration will be denied.

Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). There are three recognized grounds for amending an earlier judgment pursuant to Fed. R. Civ. P. 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . . or (3) to correct a clear error of law or prevent manifest injustice." *Id.* Defendant has failed to prove that any of these grounds apply here.

In his Motion for Reconsideration, Defendant makes the following arguments that are identical to the arguments raised in his motion to dismiss: Plaintiff lacks standing to bring her breach of contract claims; there is not diversity of citizenship between the parties, depriving the Court of jurisdiction; Plaintiff's claims are barred either by the applicable statute of limitations, laches, *res judicata*, or collateral estoppel; and Plaintiff's sale in lieu of partition claim is frivolous. ECF 27. These arguments must fail because they are no different than the arguments Defendant already made in his Motion to Dismiss, which the Court addressed in its Memorandum Opinion and Order granting in part and denying in part Defendant's Motion to Dismiss. *See Pac. Ins. Co.*, 148 F.3d at 403; ECF 25, 26.

Defendant raises one new argument: that Plaintiff's claims are barred by the 6-month statute of limitations provided in Maryland Code, Estates and Trusts § 8-103(c). ECF 27 at 3-8. Section 8-103(c) provides, "[a] claim against the estate based on the conduct of or a contract with a personal representative is barred unless an action is commenced against the estate within six months of the date the claim arose." Md. Code Ann., Est. & Trusts § 8-103(c) (West 2019). This statute is inapplicable to Plaintiff's claims in this Court, because Plaintiff is not making any claims against the parties' father's estate. Rather, as the Court explained in its Memorandum on Defendant's Motion to Dismiss, Plaintiff's claims in this Court are against Defendant individually, and not as personal representative to the parties' father's estate. *See* ECF 25 at 17-18. Specifically, Plaintiff alleges that Defendant failed to reimburse Plaintiff for his share of costs and expenses related to Sylmac, Inc., as well as other out-of-pocket expenses Plaintiff allegedly advanced on his behalf, in addition to services performed for their father's estate. *See* ECF 1 ¶¶ 52-55, 60-64. Consequently, "Plaintiff's claims in this Court for services performed on behalf of Defendant, some of which also relate to their father's estate, are distinct from Plaintiff's claim against their father's estate in probate." ECF 25 at 18. Thus, Defendant's argument is unavailing, and his motion for reconsideration must fail.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge