UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELIZABETH McMILLAN-McCARTNEY<br><br>  Plaintiff<br><br>v.<br><br>CALDWELL McMILLAN, JR.<br><br>  Defendant | Case No.:<br>**18-cv-03331-CBD** |

## MOTION AND MEMORANDUM TO AMEND ANSWER

The Defendant, by and through counsel, hereby moves to amend his *pro se* Answer (proposed amendment submitted herewith), and in support thereof states:

**1.** The Plaintiff does not consent to this motion.

**2.** The Complaint was filed herein on October 28, 2018. The claims pertain to disputes between siblings emanating from their parents' estates. The case is queued for dispositive motions.

**3.** A Scheduling Order was issued on June 25, 2020, setting a deadline of August 10, 2020, to amend pleadings.

**4.** At Plaintiff's request the Scheduling Order has been modified twice, on January 7, 2021 (ECF 61) and July 7, 2021 (ECF 67).[1]

**5.** The Plaintiff has been represented by counsel. The Defendant has been *pro se*

---

[1] The deadline to amend pleadings was not changed.

from the beginning until September 1, 2021 (except for a temporary appointment of counsel for the limited purpose of the settlement conference, ECF 38).

6.     Some of the claims in the case pertain to alleged oral contracts. For instance, Count VIII alleges that in 1990 the parties orally agreed that the Defendant would compensate the Plaintiff for services pertaining to their parents' estate.

7.     The Defendant seeks to add the defense of statute of frauds to the Answer (9/6/19, ECF 37).

8.     It would have been apparent to Plaintiff's counsel that some claims might be subject to statute of frauds defenses, but it was not apparent to the *pro se* Defendant.

9.     Counsel recently entered his appearance, reviewed the pleadings, and promptly moves to amend.

## MEMORANDUM

The Scheduling Order may be modified for good cause. Fed. R. Civ. P. 16(b)(4).

*Pro se* pleadings are liberally construed and held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010).

That an attorney has entered an appearance, reviewed a *pro se* pleading, and promptly moved to amend may — without more — constitute good cause. *Jones v. Chase*, 2010 U.S. Dist. LEXIS 7666, at *5 (D. Md. Jan. 29, 2010) ("Because Plaintiff filed her complaint *pro se* and has since retained counsel, the Court concludes that good

cause to amend has been established."); *Cheeks v. Gen. Dynamics Corp.*, 2013 U.S. Dist. LEXIS 88126, at *6 (D. Ariz. June 24, 2013) ("Other Courts to consider this question have found that, when a plaintiff diligently pursued the case on all other matters and diligently moved for amendment after obtaining counsel, Plaintiff met Rule 16's good cause standard."); *Dawson v. Pelican Mgmt.*, 2011 U.S. Dist. LEXIS 125112, at *7 (E.D.N.Y. Oct. 28, 2011) ("The Court agrees that plaintiff exercised reasonable diligence by moving to amend as soon as she retained counsel to represent her in this action. Therefore, the Court finds that plaintiff has established good cause …."); *Jimenez v. Sambrano*, 2009 U.S. Dist. LEXIS 28554, at *7 (S.D. Cal. Apr. 6, 2009) ("Plaintiff was appointed counsel by the trial court shortly before the previously scheduled trial in this matter. This lends support to a finding of 'good cause' under Rule 16 to allow an amendment because Plaintiff's counsel now brings this motion after a thorough review of the facts and issues set for trial.")

The amendment would not be prejudicial. The defense should have been and likely was anticipated by Plaintiff's counsel when filing the complaint. Furthermore, there may have been considerable delay in filing the complaint. As stated on the face of the complaint, claims herein involve conduct dating back to 1990.[2] The Plaintiff would

---

[2] Though there is some dispute and uncertainty about when some causes of actions accrued. Herein, the Court held, "the Court will not dismiss Plaintiff's breach of contract claims, at this early stage of the litigation, because it is not clear from the facts and allegations on the face of the Complaint that the statute of limitations has run." (Mem. Op. dated 6/19/19, ECF 25, p. 22.) Two other counts were dismissed due to statutes of limitations.

not be unfairly prejudiced by a comparatively short delay in raising a defense.

**WHEREFORE**, the Defendant respectfully requests that the Court allow the filing of an amendment to the complaint (proposed amendment attached hereto), and for such other and further relief as may be appropriate.

                Respectfully submitted,

                <u>/s/ Sean R. Day /s/</u>
                Sean R. Day (Bar No. 12831)
                7474 Greenway Center Dr Ste 150
                Greenbelt MD 20770-3524
                301.220.2270 phone
                301.220.2441 fax
                Sean@DayInCourt.Net
                Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was served this filing date upon all parties through the ECF filing system. All parties are represented by counsel who are registered ECF users and have entered appearances in this case.

                <u>/s/ Sean R. Day /s/</u>
                Sean R. Day