UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELIZABETH McMILLAN-McCARTNEY<br><br>    Plaintiff<br><br>v.<br><br>CALDWELL McMILLAN, JR.<br><br>    Defendant | Case No.:<br>**18-cv-03331-CBD** |

## REPLY TO OPPOSITION TO MOTION FOR LEAVE TO AMEND ANSWER

The Plaintiff fails to demonstrate any prejudice that would result from an amendment adding the defense of statute of frauds.

The Defendant notes that many of the Plaintiff's claims date back to the early 1990s, alleging that Mr. McMillan, her brother, promised/contracted to pay her in the future after the parents' estates settled (which ordinarily would take months or years, not decades). She also alleges that Mr. McMillan ousted her from the co-owned property beginning in 1999 (Complaint p. 15). At times the complaint is vague about what happened when ("[T]he Court will not dismiss Plaintiff's breach of contract claims, at this early stage of the litigation, because it is not clear from the facts and allegations on the face of the Complaint that the statute of limitations has run." Mem. Op. dated 6/19/19, ECF 25, p. 22). It is ironic that the Plaintiff complains about delay.

The Plaintiff states that the Defendant "never produced any discovery relevant

to his defense." The defense is based upon the *lack* of something (documentation), not the existence of something, so there would be no information or documents to produce.

The Plaintiff claims confusion about how the defense would apply to this case. The Plaintiff has alleged an oral contract (Count 8) as explained in the Motion to Amend ¶ 6. The Defendant is willing to plead the defense with more specificity than in the proposed amendment, but it does not seem necessary given the simplicity and obvious relevance to the complaint. The cases cited by the Plaintiff regarding boilerplate defense do not apply here; the Defendant seeks to add a single defense with obvious relevance, not a boilerplate list of defenses.

The Plaintiff complains about a docket cluttered with unnecessary filings (Opp. at 9) but files a ten-page opposition to a defense that the Plaintiff says will be easily defeated on summary judgment (Opp. at 8).

In *Dawson v. Pelican Mgmt.*, 2011 U.S. Dist. LEXIS 125112, at *2 (E.D.N.Y. Oct. 28, 2011), while discovery had not closed, it was scheduled to close eleven days before the motion to amend was filed (adding defendants and claims). In *Jimenez v. Sambrano*, 2009 U.S. Dist. LEXIS 28554, at *2 (S.D. Cal. Apr. 6, 2009), shortly before trial, counsel sought to amend the complaint to add a claim for punitive damages. Like *Jimenez*, the defense "does not raise any new facts or allegations." *Id.* at *9. The defense is made against facts and allegations already in play; the defense simply states the obvious, *i.e.*,

that the alleged oral contract is not evidenced by a writing.

Also, those and many cases involve amendments to a complaint; amendment may be more leniently allowed for defenses and even allowed for the first time on summary judgment. "[A]bsent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion." *Brinkley v. Harbour Rec. Club*, 180 F.3d 598, 612 (4th Cir. 1999); *see also, Schulte v. Bos. Mut. Life Ins. Co.*, 2015 U.S. Dist. LEXIS 155722, at *37 (D. Md. Nov. 18, 2015) (where defense raised for first time on summary judgment, no prejudice where relevance of defense was obvious on the facts).

 Respectfully submitted,

 /s/ Sean R. Day /s/
 Sean R. Day (Bar No. 12831)
 7474 Greenway Center Dr Ste 150
 Greenbelt MD 20770-3524
 301.220.2270 phone
 301.220.2441 fax
 Sean@DayInCourt.Net
 Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was served this filing date upon all parties through the ECF filing system. All parties are represented by counsel who are registered ECF users and have entered appearances in this case.

 /s/ Sean R. Day /s/
 Sean R. Day