UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ELIZABETH McMILLAN-McCARTNEY**<br>    Plaintiff<br>v.<br><br>**CALDWELL McMILLAN, JR.**<br>    Defendant | Case No.:<br>**18-cv-03331-CBD** |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Caldwell McMillan, Jr., by and through counsel, moves for summary judgment as follows:

Count 1:  Sale and Equitable Division (opposed but no motion for summary judgment)

Count 2: Accounting (dismissed)

Count 3: Profit Sharing (dismissed)

Count 4: Contribution — partial, for claims accruing prior to October 28, 2015 (statute of limitation)

Count 5: Equitable Lien (no genuine dispute of fact)

Count 6: Waste (no genuine dispute of fact; statute of limitations)

Count 7: Breach of Written Contract (opposed but no motion for summary judgment)

Count 8: Breach of Oral Contract (collateral estoppel; statute of frauds)

Count 9: Unjust Enrichment — partial, for enrichment occurring prior to October 28, 2015 (statute of limitation)

Count 10: *Quantum Meruit* (no genuine dispute of fact; collateral estoppel; statute of limitation)

Count 11: Ouster (no genuine dispute of fact; statute of limitations)

## STATEMENT OF FACTS

The parties are siblings whose parents died on separate dates in 1989. (McMillan Aff., Exhibit 1, ¶ 2-3.) This dispute involves inherited real property in Annapolis, Maryland. Various lots were developed from the whole and sold by the Estates, with the final one sold in 2017 — except one lot containing the original home in which Mr. McMillan has resided ("the Homestead"). (4-5)

Ms. McCartney claims that she is owed for time and expenses incurred on the administration of the Estate and for payments made on the Homestead. On the former, Ms. McCartney petitioned in the probate case, and continues to claim here (Count 8), $61,800.17:

| | |
|---|---|
| $ 17,178.00 | Compensation for services performed |
| 1,040.00 | Travel time |
| 43,582.17 | Expenses |
| $61,800.17 | |

(McMillan Aff. ¶ 6; petition at Exhibit 2; claim at Exhibit 3.)

The Orphan's Court denied the claims for service and travel and reduced the claim for expenses — and not just against the Estate. The Orphan's Court decided:

> [B]oth parties of this estate, as well as the estate of Sylvia Ross McMillan, have contributed a substantial amount of time and expense over a long period of time as brother and sister to administer the estates of their parents. Testimony by both parties spoke to the amount of effort and work that has been performed on behalf of the estates as well as with Sylmac Corporation when liquidating the real property assets for development. With the work performed by both parties, and in recognition of Mr. McMillan and Ms. McCartney being the only heirs in

> both estates, it is the opinion of this Court that *neither party shall be compensated* for effort, time, travel, etc. and the remaining assets shall be split equally after all legitimate expenses of the estate administration are paid.

Dec. 14, 2017 Order at 3 (emphasis added) (Exhibit 4).

Ms. McCartney also files a separate claim for contribution (Count 4), claiming decades of payments for expenses (roughly $400,000) for which Mr. McMillan has made no payments since 2006. (McMillan Aff. ¶ 9.) On the alleged contribution claim, Mr. McMillan has since 2006 paid nothing to Ms. McCartney toward her alleged excess contributions. (*Id*.)

Ms. McCartney additionally alleges that Mr. McMillan has allowed a separate residence on the same lot to waste. That separate "residence" started as a room built above a tractor shed in the 1920s. (McMillan Aff. ¶ 10-11.) It had no electricity or plumbing and was used by a farmhand. (*Id.*) In the 1950s, after a fire in the main house, *ad hoc* improvements were made to make it minimally habitable for the McMillans. (12-13) Around 1970 additional improvements were made and it was at times used by family members and other times rented as an apartment; but it has not been occupied since 2004. (14, 16) However, the improvements were all done illegally (without permitting and code compliance) and it could not and cannot be legally used as a residence. (15) As to any use that improvements might allow, the property is not being wasted. The roof was briefly leaking but that did not cause permanent damage, and at

Mr. McMillan's expense in 2010 or 2011 it was repaired. (16) There has been no act or omission of waste that Ms. McCartney could not have discovered more than three years before the filing of the Complaint. (17)

## ARGUMENT

**Count 4 — Contribution**

In Count 4, the Plaintiff asserts an action for contribution separate from the cause of action for partition or sale.

An accounting in a partition or sale action concerns itself with an equitable division of the asset, not the enforcement of a personal liability. *See, e.g., Goergen v. Maar*, 2 A.D.2d 276, 278-79, 153 N.Y.S.2d 826, 830-31 (App. Div. 3rd Dept. 1956) (explaining reason for difference between a contribution claim applied in the adjustment of equities *versus* a separate contribution claim that may be reduced to money judgment). The Plaintiff's separate claim for contribution, seeking a money judgment not an adjustment of equities in partition or sale, is barred by the statute of limitations as to any payments Ms. McCartney made more than three years before the filing of the complaint. *Id.*; *Miller v. Miller*, 70 Md. App. 1, 25, 519 A.2d 1298, 1310 (1987) ("If the suit is one for partition, the right to which is not barred by limitations, incidental relief by accounting between the parties may be available even as to claims *which might be barred if asserted in an independent action*." (quoting 20 Am.Jur.2d,

Cotenancy and Joint Ownership, § 105) (emphasis added).

For a series of claims, the statute of limitations runs on each claim when due. *Avery v. Weitz*, 44 Md. App. 152, 154, 407 A.2d 769, 771 (1979). Ms. McCartney may not obtain a money judgment for any payment or debt on which she seeks contribution that was made prior to October 28, 2015.[1]

**Count 5 — Equitable Lien**

Count 5 is an action to enforce an equitable lien. "[A]n equitable lien is based on specific performance of a contract to assign property as security. … In all such cases the intent to create a mortgage is the essential feature of the transaction." *Pence v. Norwest Bank Minn., N.A.*, 363 Md. 267, 289, 768 A.2d 639, 651 (2001) (citations and quotation marks omitted).

Mr. McMillan never signed anything, said anything, or did anything showing an intent to create a mortgage in the Plaintiff's favor. (McMillan Aff. ¶ 19.) Therefore he is entitled to summary judgment on this count.

**Count 6 — Waste**

Count 6 is for waste to the separate building. "Waste may be committed by acts

---

[1] Ms. McCartney seeks an adjustment of equities in any sale or partition (Count 1), which this Court has held is not subject to a statute of limitations.

or omissions which tend to the lasting destruction, deterioration, or material alteration of the freehold and the improvements thereto or which diminish the permanent value of the inheritance." Am. Jur. 2d, Waste, § 1 (quoted in *Hundt v. Snedegar*, 2015 Md. App. LEXIS 1090, at *36 (Aug. 21, 2015) (unpublished)).

As set forth in the Statement of Facts, this "residence" could not and cannot be used legally as a residence so any diminishment does not materially affect the value of the whole property; its market value is that of a barn and it serves that purpose. Additionally, the structure is and has been since 2011 protected from the elements. To the extent there was waste at some time, no waste happened that the Plaintiff could not have, with reasonable diligence, discovered at least three years before the filing of the complaint. (McMillan Aff. ¶ 17.) *See Duffy v. CBS Corp.*, 458 Md. 206, 232, 182 A.3d 166, 181 (2018) (stating discovery rule for statute of limitations). Any claims of waste are barred by the statute of limitations.

**Count 8 — Breach of Oral Contract**

Count 8 is for breach of an oral contract. Specifically, the Plaintiff alleges that Mr. McMillan agreed "to pay Plaintiff for services rendered to their father's estate." Compl. ¶ 53. This claim is barred by collateral estoppel. Alternatively, it is barred by the statute of frauds.

Collateral estoppel is at issue where —

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*Kloth v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.)*, 355 F.3d 322, 326 (4th Cir. 2004). After a trial, this claim for time and travel was denied by the Orphans' Court which ruled that "neither party shall be compensated" as both parties contributed substantial time and effort toward a mutually beneficial goal. Ms. McCartney attempts to resurrect this claim by recasting it as a claim against Mr. McMillan rather than a claim against the Estate. However, the Orphans' Court already decided that neither party shall be compensated for the work, thus adjudicating the rights between the parties including Ms. McCartney's right to compensation. To hold that Ms. McCartney may recover her fees so long as it comes from Mr. McMillan's pocket directly would contravene the Orphans' Court order.[2] Further, "[t]he individual liability of a personal representative to third parties arising from the administration of the estate is that of an agent for a disclosed principal …." Ann. Code of Md., Est. & Trusts § 8-109(a). Ms. McCartney does not explain how or why any promise Mr. McMillan might have made to pay her for services *to the Estate* would have been outside the scope of his role as personal representative.

---

[2]    It would also double Ms. McCartney's claim because she would be paid fully from Mr. McMillan's one-half share rather than from the estate.

Additionally, the claim is barred by the statute of frauds:

> An action may not be brought to charge a personal representative on any special promise to answer damages out of the personal representative's own estate, unless the contract or agreement on which the action is brought, or some memorandum or note of it, is in writing and signed by the party to be charge[.]

Md. Code Ann., Est. & Trusts § 8-109(i). This is precisely what Ms. McCartney is attempting to do — hold Mr. McMillan personally liable for what the estate purportedly owed her for services and expenses (and which the Orphans' Court denied). Without a writing to evidence the debt, Ms. McCartney may only make a claim against the Estate.

**Count 9 — Unjust Enrichment**

Ms. McCartney's unjust enrichment claim is based upon a course of conduct spanning 28 years before the filing of the Complaint. The general three year statute of limitation applies to unjust enrichment claims. *Cain v. Midland Funding*, LLC, 256 A.3d 765, ___, 2021 Md. LEXIS 366 at *41 (Md. 2021). The "continuing harm doctrine" is sparingly applied, and the facts here are not within any established use of the doctrine. *Id.*, 2021 Md. LEXIS 366 at *55-61 (doctrine has been applied to torts with ongoing wrongful conduct).

Ms. McCartney's claim for unjust enrichment is barred by the statute of limitations for any alleged enrichment occurring prior to October 28, 2015.

**Count 10 — *Quantum Meruit***

Here, to avoid the Orphans' Court judgment, Ms. McCartney makes a claim for *quantum meruit* for services performed for the estate.

First, it is barred by collateral estoppel just the same as the oral contract claim (see argument above).

Second, it cannot be claimed against Mr. McMillan; Ms. McCartney tries to get around that problem on the contract claim by arguing that Mr. McMillan personally contracted to pay Ms. McCartney, but there is no theory on which a *quantum meruit* claim for services to the Estate can be made against Mr. McMillan personally.

Third, it is barred by the statute of limitations. The bulk of the work was performed prior to 1996, with three additional tasks in 2014 (Exhibits 2 and 3). *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 160 n.2, 857 A.2d 1095, 1099 (2004) (claims in equity like *quantum meruit* subject to same statute of limitations as analogous claims at law). As the case was filed in 2018, the *quantum meruit* claim is time barred.

**Count 11 — Ouster**

The Plaintiff files a claim for ouster. "Ouster is the actual turning out or keeping excluded the party entitled to the possession of any real property." *Spessard v. Spessard*, 64 Md. App. 83, 88, 494 A.2d 701, 704 (1985) (quotation marks and citation omitted).

Mr. McMillan denies ever having ousted Ms. McCartney, and further states in

his affidavit that no action of ouster took place in the three years prior to the filing of the Complaint. (McMillan Aff. ¶ 20.) The claim is time barred.

## CONCLUSION

For the reasons stated here, summary judgment should be granted on the claims discussed herein.

Respectfully submitted,

/s/ Sean R. Day /s/
Sean R. Day (Bar No. 12831)
7474 Greenway Center Dr Ste 150
Greenbelt MD 20770-3524
301.220.2270 phone
301.220.2441 fax
Sean@DayInCourt.Net
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served this filing date upon all parties through the ECF filing system. All parties are represented by counsel who are registered ECF users and have entered appearances in this case.

/s/ Sean R. Day /s/
Sean R. Day